**DAVIDSON OIL COUNTRY SUPPLY CO., INC., Plaintiff-Appellant,**

v.

**KLOCKNER, INC., Defendant-Appellee.**

No. 85–2189.

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1986.

Bonham, Carrington & Fox, Eugene B. Wilshire, Jr., Patrick J. Dyer, Houston, Tex., for plaintiff-appellant.

Anthony J. Sadberry, Houston, Tex., Kenneth L. Everett, Paul J. O'Neill, Jr., New York City, for defendant-appellee.

Before THOMAS M. REAVLEY, JERRE S. WILLIAMS, and PATRICK E. HIGGINBOTHAM, Circuit Judges.

## OPINION

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In this dispute between buyers and sellers of oil field equipment, the district court granted partial summary judgment to the appellee Klockner and entered the requisite certificate under Fed.R.Civ.P. 54(b). Persuaded that the Rule 54(b) certificate was inappropriate because the order of partial summary judgment did not dispose of an entire claim, we dismiss this appeal for want of jurisdiction.

### I

The dispute between these parties has had a complex procedural history, which need be only briefly summarized here. Over a period of several years, plaintiff Davidson Oil Country bought various tubular oil field goods from defendant Klockner. Trouble arose when Davidson Oil Country was dissatisfied with the quality of certain goods, manufactured by the Ferrotubi firm in Italy, that it had purchased from Klockner. Davidson Oil Country sued in Texas state court, seeking monetary damages for breach of warranty as to these goods. Klockner removed to federal district court and counterclaimed for the purchase price of goods sold and delivered to Davidson Oil Country; the counterclaim covered the price of the Ferrotubi goods and the price of some other goods, manufactured by a Czechoslovakian firm, concerning whose quality there has apparently been no complaint from Davidson Oil Country.

On February 5, 1985, the district court granted Klockner's motion for partial summary judgment on that portion of the counterclaim covering the Czechoslovakian goods; the court awarded Klockner $496,446.96, plus prejudgment interest at an unspecified rate, costs, and unspecified attorney fees. On appeal, Davidson Oil Country pointed out that issues involved in the calculation of attorney fees and prejudgment interest had not yet been decided. Klockner responded by conceding the applicability of the Texas statutory 6% interest rate and by attempting to withdraw the claim for attorney fees.

We must decide whether the district court's February 5, 1985 order granting partial summary judgment, which was interlocutory when appealed, can gain finality by the appellee's attempt to withdraw the undecided issues. We are persuaded that the attempted withdrawal is ineffective to confer jurisdiction.

### II

Subject matter jurisdiction cannot be conferred by agreement of the parties, and its requirements cannot be waived. The order of February 5, 1985 is the only order for which notice of appeal has been given, and that order awarded prejudgment interest and attorney fees in unspecified amounts. Because the order failed on its face to dispose of an entire claim, the Rule 54(b) certificate could not lend the requisite finality, and we never acquired jurisdiction.

Our decision respects the Supreme Court's admonition that "the requirement of finality is to be given a 'practical, rather than a technical construction.'" *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221,

1225, 93 L.Ed. 1528 (1949)). In accord with that admonition, we have consistently allowed a nonfinal judgment to be appealed if the litigation had, at the time we were considering the appeal, already been effectively terminated by a subsequent judgment of the district court. *See, e.g., Jetco Elec. Indus. v. Gardiner,* 473 F.2d 1228, 1231 (5th Cir.1973); *Sandidge v. Salem Offshore Drilling Co.,* 764 F.2d 252, 255 (5th Cir.1985) (collecting cases). In such cases, we confronted what was essentially a premature notice of appeal, and we proceeded to review an order that had in reality become appealable. To have done otherwise would have been "to exalt form over substance." *Jetco,* 473 F.2d at 1231.

We do not believe that the *Jetco* rule should be extended to cases in which the litigation is continuing in the court below and in which one of the parties has attempted to "cure" a defective Rule 54(b) certificate by abandoning those portions of the district court order that were not fully disposed of by the order. The present case illustrates the practical difficulties that could arise from such an extension of *Jetco.* When Klockner sought on appeal to withdraw its claim for attorney fees, Davidson Oil Country complained that the withdrawal had been phrased in ambiguous and nebulous language. Understandably enough, Davidson Oil Country wanted to know exactly what had been withdrawn and whether Klockner had reserved the right to seek recoupment of any of the "withdrawn" fees claim at some later point in the litigation. We, in turn, not being familiar with the case as a whole and lacking a mechanism through which we could determine the exact fit of all the claims, would hesitate to make an initial determination about the extent and consequences of Klockner's "withdrawal" of its claim for attorney fees. It would be far better for the district court to have an opportunity to decide whether it will certify a new order that has been trimmed and reshaped to make it appealable.

The appropriate procedure is for the interested party to seek an order disposing of the entire claim. This can be done either by having the outstanding issues decided by the district court or by moving before the district court for a new order reflecting abandonment of the undecided elements of the claim and then requesting Rule 54(b) certification of that order.

We do not decide whether the grant of partial summary judgment was proper in this case. Neither do we decide whether the Rule 54(b) certificate would have been appropriate had it lacked the facial defects we have discussed in this opinion.

DISMISSED FOR WANT OF JURISDICTION.