803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesus Ramirez, et al., Plaintiffs-Appellees, Cross-Appellants
v.
Jack E. Webb, Gregory Kowalski, Michael Went, John D.
Helgeson, Michael T. Hawes, Gearge Dahl, Robert Wallis,
Daniel Moritz, Timothy Houghtaling, Manfred Zarfl, Gregory
Bednarz, John Dam, Frank Falowski, James Wellman and Oscar
Gonzalez, both individually and in their official capacity
as agents of the Immigration and Naturalization Service,
James Montgomery, Paul E. McKinnon, Edward Short, Robert
Wagus, Jerald D. Jondall, Emil Orsack, Ricky Dixon, James D.
Kunkle, Brian F. Munson, James F. Gilmore, Stanley R.
DeSonia, Donald C. Teeple, Stephen E. Nusbaum, Edward T.
Farley, Ronald Dowdy, Edwin W. Earl, Charles L. Huffman,
Robert J. McNamara, James J. Higgins, Kenneth S. Harris, and
Larry G. Launder, in their official capacities, The U. S.
Immigration and Naturalization Service,
Defendants-Appellants, Cross-Appellees.
 No. 86-1291.
 No. 86-1482.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1986.
 
 1
 BEFORE: KENNEDY, MILBURN and BOGGS, Circuit Judges
 
 
 2
 Plaintiffs move to dismiss defendants' appeal. Defendants oppose the motion and move to dismiss plaintiffs' cross-appeal.
 
 
 3
 In September, 1981 thirty-three plaintiffs commenced action against named and unnamed officers of the Immigration and Naturalization Service (INS) alleging that various enforcement activities practiced by the officers constituted unlawful search and seizure of Hispanics in Michigan. Plaintiffs' causes of action arose out of several different stops, searches and interrogations. The district court granted class certification.
 
 
 4
 Following extensive discovery, several defendants moved for partial dismissal or for partial summary judgment on procedural grounds and on the ground that defendants were entitled to qualified immunity. Plaintiffs also moved for partial summary judgment on the basis that the warrants used by the defendants in two of the incidents complained of were invalid. On June 24, 1985, the district court denied defendants' motions for dismissal or partial summary judgment and granted plaintiffs' motion for partial summary judgment.
 
 
 5
 Defendants' motion to alter or amend the June 24, 1985 judgment was denied in an order entered on February 13, 1986. In the same order the court granted defendants' motion for summary judgment or dismissal of certain claims based on the applicable Michigan statute of limitations. Defendants appealed (case no. 86-1291) and plaintiffs cross-appealed (case no. 86-1482).
 
 
 6
 In support of dismissal plaintiffs argue that the order appealed from is interlocutory and adjudicated fewer than all of the claims, rights, and liabilities of multiple parties; hence, absent Rule 54(b) certification, this court lacks jurisdiction. Plaintiffs further argue that Mitchell v. Forsyth, --- U.S. ----, 105 S. Ct. 2806 (1985), is inapplicable because: 1) the collateral order doctrine is subject to Fed. R. Civ. P. 54(b) in cases such as the one herein; and 2) unlike in Mitchell, declaratory and injunctive relief are sought in addition to damages; therefore, denial of the qualified immunity defense is not immediately appealable.
 
 
 7
 In opposition defendants argue that they appeal only from the denial of their motions for qualified immunity and such order is immediately appealable under the collateral order doctrine. Defendants also move for dismissal of plaintiffs' cross-appeal on the basis that the appeal is from an interlocutory, nonappealable order.
 
 
 8
 Generally, an order denying partial summary judgment is not appealable. Pitney Bowes v. Mestre, 701 F.2d 1365, 1368 (11th Cir.), cert. denied, 464 U.S. 893 (1983). However, this is not the usual partial summary judgment case. Rather, it is a case where the district court denied partial summary judgment based on the qualified immunity defense.
 
 
 9
 In Mitehell v. Forsyth, supra, the Supreme Court held that in a suit for damages, an order denying the qualified immunity defense, like an order denying the absolute immunity defense, is immediately appealable under 28 U.S.C. Sec. 1291 to the extent that it turns on an issue of law. 105 S. Ct. at 2817. The Supreme Court held that the denial of summary judgment based on qualified immunity is appealable under the collateral order doctrine enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949). Under Cohen an interlocutory order is appealable if it falls within "that small class which finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to be deferred until the whole case is adjudicated."
 
 
 10
 The collateral order doctrine is not affected by Rule 54(b). Redding & Co. v. Russwine Construction Corp., 417 F.2d 721, 726 n.33 (D.C. Cir. 1969); Chabot v. Nat'l Securities & Research Corp., 290 F.2d 657, 658-59 (2d Cir. 1961); 6 Moore's Federal Practice P 54.31 (2d ed. 1985). Therefore, plaintiffs' argument that the collateral order doctrine is subject to Fed. R. Civ. P. 54(b) is unpersuasive.
 
 
 11
 Since Rule 54(b) does not apply, the issue is whether the district court's denial of qualified immunity is immediately appealable where the plaintiffs seek equitable relief in addition to damages. Because the plaintiffs in Mitchell did not seek injunctive relief, the Supreme Court did not address the question of whether an immediate appeal would be permissible if the plaintiff also sought injunctive relief. Mitchell, 105 S. Ct. at 2812 n.5.
 
 
 12
 This Court recently addressed the issue in Kennedy v. City of Cleveland, --- F.2d ----, Nos. 85-3819/3827 (6th Cir. July 30, 1986), and concluded that Mitchell "should apply equally whether only personal liability for damages is sought or whether added relief against the defendant in his official capacity is also sought." Slip op. at 17. This Court reasoned that the risks of exposure to damages in one's individual capacity is very different from those faced by a person sued only in his official capacity. Id. Under Kennedy v. City of Cleveland, it is clear that the denial of qualified immunity is immediately appealable. Accordingly, the motion to dismiss case no. 86-1291 must be denied.
 
 
 13
 Defendants' motion to dismiss plaintiffs' cross-appeal, case no. 86-1482 must be granted because the order granting partial summary judgment for the defendants on the statute of limitations issue is not appealable, absent Rule 54(b) certification. See Davidson Oil Country Supply Co. v. Klockner, Inc., 780 F.2d 1258, 1259 (5th Cir. 1986).
 
 
 14
 It is, therefore, ORDERED that the motion to dismiss case no. 86-1291 is denied and the motion to dismiss case no. 86-1482 is granted.