REGAN, Judge.
The plaintiff, Salvador S. Di Giovanni, filed this suit against the defendants, the Parish of Jefferson, its council and the sheriff thereof, to enjoin the defendants from interfering with the normal operation of his cocktail lounge known as Sammy’s Lounge located in 3700 Fourth Street in Harvey, Louisiana, and also endeavoring to compel the Jefferson Parish Council to issue to the plaintiff a 1968 alcoholic beverage permit, the renewal of which he alleged he applied for in December of 1967, and as more than thirty-five days elapsed between filing and refusal of the Parish to issue the permit, it is now es-topped to deny the issuance thereof by virtue of the provisions of La.R.S. 26:85 and La.R.S. 26:86.
*591 The defendants answered and denied that the plaintiff had complied with the provisions of the federal and state alcoholic and beverage control laws,' and in addition, they alleged that they denied the plaintiff’s application for good and sufficient cause on May 21, 1968.
Summary judgment was rendered in favor of the plaintiff as prayed for, and from that judgment, the defendants have prosecuted this appeal.
The record discloses that Di Giovanni applied for renewal of his alcoholic beverage permit on December 18, 1967, and he continued to operate his business under his 1967 permit because the Jefferson Parish Council did not take any action on his application until May 21, 1968, when it adopted, without a hearing, Resolution No. 12888 denying his application, based on alleged violations of the provisions of the alcoholic and beverage control law, which are alleged to have occurred May 9, 1967, and October 4, 1967, consisting of permitting “B” drinking in Sammy’s Lounge, but for which there has been no conviction.
The plaintiff requested summary judgment based on his contention that the governing authority was required to grant or withhold his permit within 35 days from the date of the timely filing of his application, and since it failed to act within the prescribed time, it is prohibited from withholding the permit.
The law governing issuance of the first permit is set out in La.R.S. 26:85 which reads:
“The41 right to determine what persons shall or shall not be licensed under this Chapter shall be exercised in the following manner: * * *
B. The board shall investigate all applications for state permits and shall withhold the issuance of the permit where that action is justified under the provisions of this Chapter. The decision to withhold the permit shall be made within thirty-five calendar days of the filing of the application. Within that period, the board shall notify in writing the municipal authority or parish governing authority, as the case may be, where the applicant has his place of business, that it is withholding the permit and shall give its reasons therefor. * * * ” (Emphasis added.)
The procedure for renewal of permits is described in La.R.S. 26:86 which reads as follows:
“Any dealer whose application for renewal is filed before December 31st may continue business until issuance of the new permit, under the previous year’s permit if it has not been suspended or revoked or the new permit withheld or denied.
“Renewal permits may be withheld or denied on the same grounds and in the same manner as an original permit.” (Emphasis added.)
The lower court reasoned that the last sentence of Article 26:86 must be read in conjunction with La.R.S. 26:85, and therefore, the governing authority has only 35 days in which to issue or deny the permit, and after that time, the permit should be considered as having been issued. To conclude otherwise, all permittees would be under the complete discretionary control of the governing authority. No hearing is required if a permit is withheld or denied, but a hearing is required to suspend or revoke a license.[1] Therefore, if the 35 day limitation for withholding the permit were not invoked, the Parish authority could simply wait indefinitely and at its discretion deny the permit and cause the individual to lose his business without a hearing, which result was certainly not *592 intended by the redactors of the alcoholic beverage laws.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
' The defendants are to pay all costs of these proceedings.
Affirmed.

. La.R.S. 26:91.