obtains here. The Tisdales did file suit against Georgia–Pacific well within the period of limitations, and Georgia–Pacific, although it has been coy on this point, almost surely knew that it was an intended target. Thus, although the filing of Greenbriar's third-party complaint "did not toll the running of the statute of limitations on a cause of action between plaintiff and the third-party defendant," *Boyd's*, that does not answer the questions whether, under the circumstances, the Tisdales diligently prosecuted their action against Georgia–Pacific or whether Georgia–Pacific entered a general appearance as a defendant to the Tisdales' case, waiving the necessity of formal service.

Because we find these fact issues to require the reversal of the trial court's summary judgment, it follows that further discovery should be afforded both parties on these issues following remand.

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings.

**Ellis J. LEVRON, Jr.,**
**Plaintiff–Appellant,**

v.

**GULF INTERNATIONAL MARINE,**
**INC., Defendant,**

**American Steamship Owners Mutual**
**Protection and Indemnity**
**Association, Defendant–Appellee.**

**No. 88–3375**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1988.

Danny J. Lirette, Houma, La., for plaintiff-appellant.

Carl J. Hebert, Mark A. Myers, New Orleans, La., for defendant-appellee.

Before REAVLEY, POLITZ, and SMITH, Circuit Judges.

PER CURIAM:

The appellee has filed a motion to dismiss the appeal. On the basis of controlling precedent in this circuit, we grant the motion, but in the context of an unusual chain of events that have led to a dispute

regarding which issues and parties, if any, are now before the court on appeal. To decide the motion, we must examine in some detail the actions of the district court and the content of court orders and papers filed by the parties.

## I.

1. The plaintiff, Ellis Levron, Jr., sued his employer, appellee Gulf International Marine, Inc. ("Gulf"), for damages under the Jones Act, 46 U.S.C.App. § 688, and general maritime law. Subsequently, Levron by amended complaint added appellee American Steamship Owners Mutual Protection and Indemnity Association ("American") as a defendant pursuant to the Louisiana Direct Action Statute, LSA–R.S. 22:655.

2. American moved for summary judgment on the ground that Levron had no right to proceed by direct action against it. On December 9, 1987, the court granted that motion, making a Minute Entry to that effect, but did not formally enter final judgment as a separate document.

3. Noting that the summary judgment did not dispose of all of the parties, American, on December 15, 1987, moved, appropriately, under Fed.R.Civ.P. 54(b), for entry of final judgment in favor of American. That rule permits the district court to enter final judgment as to one of several parties upon the court's "express determination that there is no just reason for delay." *Id.* On January 5, 1988, the court denied American's rule 54(b) motion.

4. On January 15, 1988, a pleading styled "Motion for Dismissal of Suit with Prejudice with Reservation of Rights" was filed jointly by Levron and codefendants Blue Ridge Insurance Co. ("Blue Ridge") and P.C. Hill and Associates, Inc. ("P.C. Hill"). The motion recited that "plaintiff desires to dismiss his suit against [Blue Ridge] with prejudice, but ... plaintiff desires to reserve his rights against [Gulf and American]." On January 19, 1988, the court granted that motion, reciting that "plaintiff reserves his right against the remaining defendants, including [Gulf and American]."

5. Curiously, the next item of record is an "Order of Dismissal," dated March 22, 1988, and entered March 23, 1988, which reads as follows:

The Court having been advised by counsel for the parties that the above action has been settled;

It is ORDERED that this action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated.

New Orleans, Louisiana, this the 22nd day of March, 1988

/s/ Patrick E. Carr
United States District Judge

PER: Danny J. Lirette [counsel for plaintiff Levron]

6. Five days later, on March 28, 1988, the court entered a "Consent Judgment" that had been drafted, submitted, and signed by, only, counsel for Levron and Gulf. That instrument reads, in pertinent part, as follows:

NOW INTO COURT, through undersigned counsel, come plaintiff, Ellis J. Levron, Jr., and defendant, Gulf International Marine, Inc., and upon suggesting to the Court that, with the Court's dismissal of defendant, American Steamship Owners Mutual Protection and Indemnity Association, other than Ellis J. Levron, Jr. and Gulf International Marine, Inc., there are no other parties involved in this litigation, and that the plaintiff and the sole remaining defendant hereby agree and consent to a judgment being entered herein in favor of plaintiff, Ellis J. Levron, Jr., and against Gulf International Marine, Inc., in the amount of SIXTY FIVE THOUSAND AND NO/100 ($65,000.00) DOLLARS, and jointly respectfully request that this Court enter such a judgment.

Considering the foregoing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that judgment be entered herein in favor of plaintiff, Ellis J. Levron, Jr., and against Gulf International Marine, Inc., in the amount

of SIXTY FIVE THOUSAND AND NO/100 ($65,000.00) DOLLARS.

7. On May 19, 1988, the court entered a "Judgment" in favor of American, based upon the December 9, 1987, order announcing summary judgment in favor of American. It provides as follows:

Pursuant to this Court's Minute Entry dated December 9, 1987:

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment rendered herein in favor of defendant, American Steamship Owners Mutual Protection and Indemnity Association, and against the plaintiff, Ellis J. Levron, Jr., granting the defendant's Motion for Summary Judgment and dismissing the defendant as a matter of law as no direct action may be maintained against it.

8. Seven days later, on May 26, 1988, Levron filed a motion for extension of time to file notice of appeal "in reference to the Consent Judgment entered herein on March 28, 1988." In his accompanying memorandum, Levron explained that he did not wish to appeal the judgment in his favor against Gulf but did wish to appeal the dismissal of his direct action against American, which "was dismissed by Judgment of this Court entered on May 16, 1988." Levron noted that he had, that same day (May 28), filed notice of appeal from the May 16 judgment but "out of an abundance of caution, plaintiff also wishes to file a notice of appeal in connection with the Consent Judgment entered on March 28, 1988." Gulf and American opposed the motion for extension of time.

9. On May 26, 1988, Levron did in fact file notice of appeal "from the Judgment rendered on May 16, 1988, [which] granted the defendant's motion for Summary Judgment and dismissed [American]."

10. On June 13, 1988, the court, without stating reasons, denied plaintiff's motion for extension of time.

## II.

In the instant appeal, taken by means of the notice of appeal filed May 26, 1988, plaintiff Levron challenges only the district court's dismissal of his direct action against American. American has moved for dismissal of the appeal, arguing that Levron's 30 days in which to appeal began running on March 23, 1988.

We agree with American and grant the motion to dismiss the appeal. Our decision today is instructed and controlled by *Jetco Electronic Indus., Inc. v. Gardiner*, 473 F.2d 1228 (5th Cir.1973), and its progeny. The facts in *Jetco* are remarkably similar to those here. In *Jetco*, the plaintiffs sued three defendants on various state-law theories. The district court granted one defendant's motion to dismiss for failure to state a cause of action and failure to comply with the long-arm statute. The defendant filed a notice of appeal from that order of dismissal. Several months later, the court entered an agreed judgment disposing of plaintiffs' claims against the other two defendants.

The first defendant asserted that the order dismissing it was not appealable because, at the time it was entered, it was not a final, appealable order in that it did not dispose of all of the parties to the suit, and because it had never been converted to a final, appealable order by an appropriate rule 54(b) certificate. We held, however, that the order dismissing the first defendant became final and appealable on the day the agreed judgment disposing of the claims against the other defendants was entered, ·despite the absence of a rule 54(b) certificate as to any of the defendants:

The ... order dismissing appellants' suit against [the first defendant] meets neither of [the conditions of rule 54(b)]: It said nothing about appellants' rights as against the other two defendants ...; and it contained nothing faintly resembling a Rule 54(b) certificate. That order is thus not a final judgment under Rule 54(b).... Nor was the later order entering an agreed judgment disposing of appellants' claim against [the other two defendants] a final judgment under Rule 54(b)—it contained no certificate, and it did not adjudicate appellants' rights as against [the first defendant]. Nevertheless, these two orders, considered togeth-

er, terminated this litigation just as effectively as would have been the case had the district judge gone through the motions of entering a single order formally reciting the substance of the earlier two orders.

473 F.2d at 1231.

 The instant appeal is on all fours with *Jetco:* The summary judgment entered in December was made final and appealable on March 28, 1988, by the entry, on that date, of the Consent Judgment disposing of the remaining defendants. A timely notice of appeal is mandatory and jurisdictional. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (cited in *In re Air Crash at Dallas/Fort Worth Airport on August 2, 1985,* 852 F.2d 842 (5th Cir.1988)). *See Houston v. Lack,* —— U.S. ——, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). Since the summary judgment entered in favor of American became final and appealable on March 28, Levron then had 30 days in which to file notice of appeal from that judgment or forfeit the right to appeal.[1]

The logic of *Jetco* has been followed faithfully in this circuit. "[W]e have consistently held that there is an exception to the requirements of Rule 54(b) that allows the separate appeal of a nonfinal judgment where a subsequent judgment of the district court effectively terminates the litigation" (citing several cases). *Sandidge v. Salen Offshore Drilling Co.,* 764 F.2d 252, 255 (5th Cir.1985). *Accord, Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022, 1029 n. 7 (5th Cir.1980); *Tower v. Moss,* 625 F.2d 1161, 1165 (5th Cir.1980). *See Davidson Oil Country Supply Co. v. Klockner, Inc.,* 780 F.2d 1258, 1260 (5th Cir.1986).

The appellant failed to file notice of appeal within 30 days after the order from which he seeks to appeal became final and appealable. Consequently, we are without jurisdiction, and the appeal is DISMISSED.

---

1. Apparently, Levron's counsel discovered, more than thirty days after March 28, that such was the case. He pursued his only remaining avenue of redress, a motion under Fed.R.App.P. 4(a)(5) to extend the time for filing notice of appeal. The district court denied that motion, a ruling that is reversible only for abuse of discretion. *Chipser v. Kohlmeyer & Co.,* 600 F.2d 1061, 1063 (5th Cir.1979) ("excusable neglect" standard of the rule is intended to be a strict one; "mere palpable mistake by experienced counsel" is not excusable neglect). In his opposition to American's motion to dismiss the appeal, Levron does not question the district court's denial of the extension or ask us to overturn it.