537 So.2d 1269 (1989)
Linda MYERS, Plaintiff-Appellant,
v.
CITY OF LAFAYETTE and State of Louisiana Through the Department of Public Safety and Corrections and Office of Alcoholic Beverage Control; XYZ Defendant(s); ABC Insurance Carrier; Dudley Lastrapes, Mayor of the City of Lafayette, and Michael W. Russell, Commissioner of the Department of Public Safety and Correction, Office of Alcoholic Beverage Control, Defendants-Appellees.
No. 87-1128.
Court of Appeal of Louisiana, Third Circuit.
January 17, 1989.
*1270 Sylvia R. Cooks, Lafayette, for plaintiff-appellant.
Michael W. Russell, Baton Rouge, Voorhies & Labbe, Michael D. Hebert, Lafayette, for defendants-appellees.
Before STOKER, LABORDE and KING, JJ.
KING, Judge.
There are two issues presented by this appeal. The first issue is whether the Alcoholic Beverage Control Law, LSA-R.S. 26:1 et seq.[1] imposed a ministerial duty, which plaintiff could enforce by mandamus, on defendants to issue plaintiff alcoholic beverage permits. The second issue is whether plaintiff was barred by res judicata from seeking other relief in a subsequent action, after receiving an adverse ruling in a prior suit for injunctive relief, involving the same issue.
Linda Myers (hereinafter plaintiff) filed suit against the City of Lafayette (hereinafter the City), its mayor, and the State of Louisiana, through the Department of Public Safety and Corrections, Office of Alcoholic Beverage Control (hereinafter the ABC Board). Plaintiff sought a writ of mandamus directing the defendants to grant her applications for state and municipal alcoholic beverage permits and to recover damages from the City for its alleged untimely action on her application for a City permit which ultimately resulted in the non-issuance of the permits.
The City responded by filing various exceptions, including those of res judicata and prescription. In support of the exception of res judicata, defendants argued that the issue of plaintiff's entitlement to a permit had already been decided adversely to plaintiff in a prior suit where she requested and was denied injunctive relief in connection with issuance of such permits. See, In re Linda Myers, an unreported decision bearing Number XX-XXXX-X on the Docket of the Fifteenth Judicial District Court, Lafayette Parish, Louisiana; writ den., In re Linda Myers, an unreported decision bearing Number 87-401 on the Docket of this Court.
Defendants also claimed that the present action was prescribed and/or preempted because plaintiff failed to timely appeal to the district court having jurisdiction over her business establishment within ten days of receiving notification by the State, as required by LSA-R.S. 26:104, of the decision of the ABC Board and the City to deny such permits.
A hearing was held on plaintiff's application for a writ of mandamus, and the matter was taken under advisement. While the matter of plaintiff's right to a writ of mandamus was still under advisement, plaintiff filed a motion for partial summary judgment, seeking the issuance of the alcoholic beverage permits. This motion was also heard and taken under advisement.
On July 14, 1987, the trial court rendered judgment denying plaintiff's application for a writ of mandamus and dismissed, with *1271 prejudice, the portion of plaintiff's petition seeking a writ of mandamus.
On September 2, 1987, the trial court sustained defendant's exception of res judicata. At that time the trial court also dismissed plaintiff's motion for summary judgment and the other exceptions filed by defendant as moot, and dismissed the remaining portion of plaintiff's suit.
Plaintiff timely devolutively appealed both the July 14, 1987 judgment and the September 2, 1987 judgment. We affirm the trial court's denial of plaintiff's petition for a writ of mandamus but reverse the granting of defendant's exception of res judicata to plaintiff's suit. Nevertheless, we conclude that the decision of the ABC Board and the City in not issuing permits is now final, because plaintiff failed to timely take a devolutive appeal to district court pursuant to LSA-R.S. 26:104, and for this reason we grant defendants' exception of prescription and affirm the dismissal of plaintiff's suit.

FACTS
On November 25, 1986, plaintiff applied to the Louisiana Office of Alcoholic Beverage Control for a State permit to engage in the retail sale of alcoholic beverages at 720 North East Evangeline Thruway, known as Al's Place, located in the City and Parish of Lafayette, Louisiana. At approximately the same time, plaintiff also applied to the City for a local alcoholic beverage permit.
On December 23, 1986, plaintiff received a temporary State permit and was advised that her permanent State permit would be issued in thirty days. Plaintiff's municipal application received the approval of both the Lafayette City Police Department and the Department of Health and Safety; however, when the application was forwarded to the mayor's office for his approval, plaintiff received correspondence that it was the mayor's intention to withhold issuance of the permit.
In a letter dated February 10, 1987, the mayor formally advised the ABC Board of his decision, but the City did not at that time provide plaintiff with any written notice or reasons for the denial of her City permit.
Having received no formal notice of denial of her City permit from the City, plaintiff obtained a second temporary permit from the ABC Board and filed suit on February 11, 1987 to enjoin the City from interfering with the operation of her business.
A hearing on plaintiff's application for a preliminary injunction was held on March 23, 1987 before Judge Ronald D. Cox. On April 6, 1987, Judge Cox rendered judgment ordering the dismissal of plaintiff's suit for injunctive relief. In his reasons for judgment Judge Cox found that plaintiff failed to show irreparable harm would result in the absence of injunctive relief and that there were "other less harsh remedies available to her, such as filing a suit for damages, or applying for a writ of mandamus."
Subsequently, plaintiff applied to this court for supervisory writs. Based on our finding that there was no error in the trial court's judgment, we denied plaintiff's writ application on April 21, 1987. See, In re Linda Myers, an unreported decision bearing Number 87-401 on the Docket of this Court.
By letter dated April 21, 1987, the ABC Board notified plaintiff that it was denying her State beer and liquor permit, because of her failure to secure the necessary local permit, and that the City had also denied her application for a City permit.
On June 2, 1987, plaintiff initiated the present suit by filing a petition captioned Ordinary Petition and Writ of Mandamus. In this pleading, plaintiff reasserted her prior contention that the permits should be considered as having been issued because the City failed to timely act on her application; thus, the defendants had a mandatory duty to grant her permits which she could enforce by a writ of mandamus. Plaintiff also sought a judgment from the district court that she was entitled to the issuance of the requested permits by operation of law on the grounds that the City had neither issued an alcoholic beverage permit nor had sent written notice of its intent not *1272 to issue a City permit to the ABC Board within thirty-five days of plaintiff's application to the City, as required by LSA-R.S. 26:85(A). Plaintiff also alleged that the City was negligent in failing to carry out its ministerial duties and that their inaction caused her to sustain damages, including lost profits, mental anguish, and loss of business goodwill and she sought a money judgment for these damages.
Due to the different nature of the relief sought by plaintiff, the trial court severed the proceedings, and a hearing on plaintiff's petition for writ of mandamus was held on June 22, 1987 before Judge David Foster. At the conclusion of the hearing, the matter was taken under advisement.
On June 29, 1987, plaintiff filed a motion for partial summary judgment. In support of this motion, plaintiff restated her position that defendants' notice of denial was not in conformity with law, and therefore, she was entitled to engage in the sale of alcoholic beverages by operation of law.
In response to the plaintiff's petition, the City had filed dilatory exceptions of improper cumulation of actions and prematurity, a declinatory exception of lis pendens, peremptory exceptions of res judicata, prescription/peremption, splitting of a cause of action, no cause of action, and mootness, as well as various motions to strike certain allegations of plaintiff's petition. Since these exceptions were still pending at the time plaintiff filed her motion for summary judgment, the City moved to set these exceptions for hearing on the same date as the hearing on plaintiff's motion for summary judgment.
The hearing on plaintiff's motion for summary judgment and the City's exceptions was held on August 10, 1987, at which time the court allowed the matter to be submitted upon briefs of counsel.
On July 14, 1987, the trial court signed a judgment denying the writ of mandamus and dismissed with prejudice plaintiff's petition insofar as it sought a writ of mandamus.
By judgment dated September 3, 1987, the court sustained the City's exception of res judicata, dismissed all of defendant's other exceptions and plaintiff's motion for summary judgment as being moot, and dismissed plaintiff's suit. In his reasons for judgment the trial judge found that plaintiff's claim had already been litigated in the previous suit for injunctive relief and for this reason the exception of res judicata was well taken.
On August 20, 1987, plaintiff appealed the July 24, 1987 judgment dismissing her petition for writ of mandamus. On September 10, 1987, plaintiff appealed the September 3, 1987 judgment granting the City's exception of res judicata and dismissing her suit. Thus, the trial court judgment dismissing plaintiff's petition for writ of mandamus and the judgment granting the City's exception of res judicata and dismissing plaintiff's suit are now properly before this court for review. Plaintiff contends on appeal that the trial judge erred in:
(1) Refusing to grant her petition for relief by writ of mandamus; and
(2) Granting the City's exception of res judicata and dismissing her suit.

DENIAL OF RELIEF BY MANDAMUS
LSA-C.C.P. Art. 3861 defines mandamus as a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Louisiana Code of Civil Procedure, Articles 3863 and 3864. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, Art. 3863, in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice, Art. 3862.
A writ of mandamus will not lie where the performance of a duty will entail the exercise of discretion by the officer or governing body; there must be a clear and specific legal duty which ought to and can be performed. Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La.1985); Fremin-Smith Serv., Inc. v. St. Charles Parish W.D. No. 1, 300 So.2d 514 (La.App. 4 Cir.1974).
*1273 Plaintiff contends that the City authorities had discretion to issue or deny a City alcoholic beverage permit only within thirty-five days of her making an application but, after that period has expired without them acting on the application, LSA-R.S. 26:85(A) makes the issuance of such a permit mandatory.
LSA-R.S. 26:85(A) provides in pertinent part that:
"The right to determine what persons shall or shall not be licensed under this Chapter shall be exercised in the following manner:
A. Municipal authorities and parish governing authorities shall, independently of the board, investigate all applications filed with them for local permits, and shall withhold the issuance of a permit where that action is justified under the provisions of this Chapter. The decision to withhold a local permit shall be made within thirty-five calendar days of the filing of the application. Within that period, the withholding authority shall notify the board in writing that it is withholding the permit and give the reason therefor. Upon receipt of this notice, supported by reasons enumerated in or authorized by this Chapter, the board shall withhold issuance of the applicant's state permit. Within five calendar days after the receipt of the notice from local authorities, the board shall notify the applicant in writing of the action and shall assign the reasons therefor...." (Emphasis added.)
It is well settled that mandamus is not the appropriate remedy to contest the denial of a permit because the duty to issue a permit is not strictly ministerial. Barlotta v. Jefferson Parish Council, 212 So.2d 220 (La.App. 4 Cir.1968). Additionally, there is a specific procedure provided by law whereby an applicant who has been denied a permit can obtain a de novo review of the governing authorities' action. This procedure is set forth in LSA-R.S. 26:104, which states in part that "any party aggrieved by a decision of the board to withhold, suspend, or revoke a permit or of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant's or permittee's place of business, proposed or actual as the case may be."
When Louisiana courts have been faced with a similar situation to the instant case, they have consistently refused to order the issuance of a permit where the applicant failed to establish an entitlement, or where the issuance would be in contravention of the law. In Food Town, Incorporated v. Town of Plaquemine, 174 So.2d 833 (La. App. 1 Cir.1965), writ den., 248 La. 356, 178 So.2d 653 (1965), the applicant applied for and was denied an alcoholic beverage permit to operate a statutorily prohibited liquor store within 300 feet of a high school. As in the present case, the applicant argued the authorities were estopped from denying it a permit because of their failure to act timely. The court rejected this argument and held that if the premises could not be licensed under any circumstances, the town could not be compelled to violate the law by issuing the permit.
In the case at bar, the City withheld plaintiff's permit after determining she was merely an interposed person for the true owner, Allison Thomas, whose license had been revoked, and that she had illegally suppressed this information in her application. See LSA-R.S. 26:81; 26:82. The City also determined that Thomas remained financially interested in the business through a lease arrangement with plaintiff, and that he also lacked the necessary qualifications required of an applicant. See LSA-R.S. 26:79(A)(4-6). Assuming these grounds were well founded, the City was empowered to deny plaintiff a permit. See, LSA-R.S. 26:78; 26:79(C); 26:84; 26:85(A); 26:282; 26:283(A).
We distinguish Di Giovanni v. Parish of Jefferson, 222 So.2d 590 (La.App. 4 Cir. 1969), relied upon by plaintiff, for the reason that it is factually inapposite to the present situation. In Di Giovanni, the applicant timely applied for the renewal of an already existing alcoholic beverage permit and continued to operate his cocktail lounge under the previous years' permit, in *1274 accordance with LSA-R.S. 26:86, while awaiting the issuance of a new permit. Approximately five months after the application filing date, the governing authority denied the permit without a hearing, effectively circumventing LSA-R.S. 26:91 which requires a hearing to revoke or suspend a license. Under the narrow circumstances presented, the court concluded that the permit would be considered as having been issued because the governing authority failed to act within the thirty-five day statutory period of LSA-R.S. 26:85. However, in this case, unlike the applicant in Di Giovanni, plaintiff was not entitled to a hearing prior to the denial of her permit. Plaintiff's application for her first permit does not involve the provisions of LSA-R.S. 26:86.
Under LSA-R.S. 26:85(A), the only ministerial duty imposed on the City is that it formally act to deny a permit within thirty-five days of the application filing date. Within that period, the City was required to notify the ABC Board and plaintiff in writing that it was withholding issuance of the plaintiff's permit and give its reasons. Within five days after the receipt of the notice, the ABC Board was required to notify the plaintiff in writing of the action, and provide reasons for the denial. When plaintiff did not receive written notice from the ABC Board or the City within forty days of the filing of her application, she then only had a right to compel the ABC Board and the City to formally act on her application by either granting or denying the permits.
Undisputedly, such a formal decision was made in the instant case prior to the time plaintiff filed her petition for writ of mandamus in the case at bar. On February 10, 1987, the City sent written notice to the ABC Board that it would not issue an alcoholic beverage permit to plaintiff, and specified the statutory grounds for its action. Once this notice was sent, the ABC Board and the City had discharged all of their duties under the Alcoholic Beverage Control Law; therefore, we conclude the trial judge did not err in dismissing plaintiff's petition for writ of mandamus.

APPLICABILITY OF RES JUDICATA
Plaintiff next contends the denial of her petition for relief via an ordinary proceeding was erroneously dismissed based on a finding of res judicata. Specifically, plaintiff argues the defendant's exception was improperly sustained because there has been no trial on the merits to determine whether her application for a permit should have been granted. We agree.
The essential elements of res judicata are statutorily set forth in LSA-R.S. 13:4231 (formerly Civil Code Article 2286), which states:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
For the doctrine of res judicata to be applicable, there must be a final judgment. LSA-C.C. Art. 3556(31) and C.C.P. Art. 1842; Succession of Cameron, 446 So.2d 948 (La.App. 3 Cir.1984); Hancock v. Lincoln American Life Insurance Co., 278 So.2d 561 (La.App. 1 Cir.1973), writ den., 281 So.3d 754 (La.1973).
A final judgment is one that determines the merits in whole or part; a judgment that only determines preliminary matters in a proceeding is merely interlocutory. LSA-C.C.P. Art. 1841; LeBlanc v. LeBlanc, 451 So.2d 1279 (La.App. 3 Cir.1984); Lowe v. Rivers, 445 So.2d 105 (La.App. 2 Cir.1984). Consequently the judgment in the suit for injunctive relief is not a final judgment required for the application of res judicata on the merits of the issuance of the permits. Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979).
Plaintiff could not exercise her statutory right to appeal the denial of her permits in an ordinary proceeding at the time when her first suit for injunctive relief was filed since she did not receive notice of denial of her application for permits from the ABC *1275 Board and the City until April 21, 1987, which was after the filing of her suit for injunctive relief. Judge Cox correctly recognized, in his reasons for judgment in the injunctive suit, that plaintiff was still entitled to have her claims for action on her application for permits adjudicated in a subsequent ordinary proceeding, where all the facts could be set forth, testimony taken and the propriety of the ABC Board's and the City's actions or lack of action examined. For these reasons, Judge Foster's dismissal of plaintiff's petition for relief on the basis of res judicata was erroneous.
We conclude, however, that plaintiff's suit seeking issuance of permits has prescribed since she did not file a devolutive appeal with the district court within ten days, as required by LSA-R.S. 26:104, of receiving the letter of notification that the ABC Board and the City had denied her application for permits.
Although the defendant's exception of prescription and no cause of action were not the basis of the trial court's dismissal of plaintiff's suit, the exceptions are properly before this court since they were timely pled in accordance with LSA-C.C.P. Art. 927 and not considered. Thus, they may be decided by us pursuant to LSA-C.C.P. Art. 2163. Thompson v. Cane Gardens Apartments, 442 So.2d 1296 (La.App. 3 Cir.1983); Allen v. Michell, 303 So.2d 214 (La.App. 4 Cir.1974).
As previously noted, plaintiff received written notification from the ABC Board, by letter dated April 21, 1987, of the denial of her application for State and City permits. There is no evidence in the record that plaintiff took any other action between April 21, 1987 and June 2, 1987, when she filed this suit. The effect of plaintiff's failure to timely appeal the denial of her permits to the district court, in the manner provided in LSA-R.S. 26:104, is that the decision of the State and the City to not issue the permits in accordance with plaintiff's application for permits is now final and binding on all parties. LSA-R.S. 26:103. Since plaintiff had no legal right to compel the issuance of permits or to even now challenge the non-issuance of the permits she has no cause of action for damages resulting from the non-issuance of the permits.
For the above reasons, we affirm the trial court's dismissal of plaintiff's petition for a writ of mandamus; the dismissal of plaintiff's claims for issuance of permits on the basis of prescription; and the plaintiff's claims for damages on the basis of no cause of action.
All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] Title 26 of the Louisiana Satutes of 1950, containing R.S. 26:1 to 26:851 was amended and reenacted by Acts 1987, No. 696, to contain R.S. 26:1 to 26:801. At the time plaintiff filed her application for an alcoholic beverage permit the prior statutes were still in effect; consequently, the prior statutes will be cited in our discussion of the pertinent statutes.