IzGOTHARD, Judge.
Plaintiffs take this appeal irom a grant of a summary judgment in favor of defendants, which dismissed the pending action. We affirm.
The plaintiffs are individuals and corporations engaged in the business of operating amusement facilities in Jefferson Parish. The individual plaintiffs are, Samuel P. Seel-ig, Gabriel Corchiani and Steve D’Aquin. The corporate plaintiffs are Over the Edge, Inc., The Batter’s Box, Inc., and Westbank Speedway, Inc. Mr. Seelig is the sole shareholder in Over the Edge and The Batter’s Box. All three individual plaintiffs own Westbank Speedway.
Made defendants herein are the Parish of Jefferson, Michael Yenni individually and in his capacity as Parish President, and Pete Schneckenberger individually and in his capacity as acting Director of the Department of Inspection and Code Enforcement. Also made defendants were a fictitious individual and corporation associated with the Parish for whom real parties were never substituted.
IgSeveral claims are made against these parties based on the same operative facts set forth in plaintiffs’ lengthy petition filed on March 18, 1993. According to that petition, Mr. Seelig is the president of all three corporate plaintiffs. Both Westbank Speedway and The Batter’s Box, are long standing amusement facilities in Jefferson Parish. Mr. D’Aquin and Mr. Corchiani are part owners of Westbank Speedway.
*39 Mr. Seelig investigated the possibility of adding a bungee jumping attraction to one of the amusement facilities. He formed a new corporation, Over The Edge, Inc., for that purpose. Mr. Seelig asserts in his petition that he had extensive discussions and meetings with various officials of the Jefferson Parish Department of Inspection and Code Enforcement, as well as, the Parish Planning Department, and Councilman Giambelluca’s office, from November of 1991 through February, 1992. Those discussions included inquiries into zoning considerations and all other applicable permit and licensing conditions.
Initially, Mr. Seelig sought to build a tower at the eastbank location (Batter’s Box) for bungee jumping activity, and was told he would need a building permit. However, he subsequently decided to use a “tower” construction crane- instead. He alleges he was told by Jefferson Parish Zoning officials that a building permit would not be necessary for the use of a construction crane since a crane is not a “structure” within the meaning of the zoning code.
Because of inadequate parking at the east-bank location, Mr. Seelig directed his efforts toward the westbank location (Westbank Speedway). Mr. Seelig asserts that he met with Bernard Klumpp and Jeff Charlet, representatives of the Jefferson Parish Department of Inspection and Code Enforcement, on several | occasions and was given verbal approval for the operation. Further, Mr. Seelig asserts he was given verbal assurance that the matter had been discussed and cleared with the interim head of the department, Mr. Schneckenberger, with the exception that Mr. Schneckenberger was the only person who could determine the required number of parking spaces. Subsequently, Mr. Seelig says he was told by Mr. Klumpp and Mr. Charlet that an additional six parking spaces would be required for the additional recreational activity of bungee jumping. He ■ says he was also told by Mr. Klumpp that the current amusement activities and the additional activity of bungee jumping were all classified as an amusement activity which requires C-2 zoning.
Mr. Seelig asserts he was further informed that the area was zoned C-2 and that placement of the crane for the purpose of bungee jumping would be in conformance with the code, provided the crane was located far enough from the property lines to conform to the applicable zoning law by allowing one foot increase in crane height for each one foot of offset of the crane from the property lines.
Mr. Seelig was issued a clearance for zoning and tax purposes which classified the activity of bungee jumping as a retail business. Plaintiffs were informed by Mr. Klumpp that they had thirty days from the date of issuance of the clearance slip to complete the application. However, Mr. Seelig asserts that Mr. Klumpp informed plaintiffs that operations could begin with a clearance slip or an occupational license receipt.
Mr. Seelig says that he leased a crane and moved it onto the property based on those representations. Plaintiffs allege they expended approximately $58,000.00 for start up costs in addition to weekly operating costs.
|sA short time later on March 25,1992, the Parish Inspection and Code Enforcement Department issued an enforcement notice to plaintiffs citing them for failure to obtain a building permit for the erected structure, and for failure to obtain an occupational clearance for the site. A second notice was issued two days later on March 27, 1992 citing plaintiffs for storage of industrial equipment in a C-2 zone. That citation ordered plaintiffs to remove the industrial equipment from the location immediately.
Despite the issuance of the above mentioned notices, the Parish issued an occupational license on March 30, 1992.
Subsequently, on April 1, 1992 the Jefferson Parish Council passed a resolution establishing a committee to study bungee jumping. However, the resolution neither prohibited the activity, nor established any additional impediment to commencement of operations.
Plaintiffs contend that, in a conversation which took place between issuance of the two notices from the Department of Code Enforcement, Mr. Schneckenberger made statements which illustrate the arbitrary and capricious nature of his attempts to prevent the plaintiffs from conducting the bungee jump *40 ing operation. It is also contended by the plaintiffs that written notice of the necessity of obtaining a building permit prior to the issuance of the clearance was never given, nor was the occupational license revoked.
Mr. Seelig says he was told by other Parish officials that the Parish intended to suppress all bungee jumping because of safety and liability concerns. An article in the Times-Picayune containing several quotations from Mr. Schneckenberger which indicated the same sentiment was attached to the petition. That article, in which the date is undeterminable, quotes Mr. Sehneckenber-ger 16as making the statements that a permit was issued in error for bungee jumping. Further, Mr. Schneckenberger made the statement that, “bungee jumping is not permitted — or even addressed — in any of the Parish’s zoning districts”.
Faced with the two citations from the Department of Inspection and Code Enforcement, and the opposition of Parish officials, plaintiffs sought injunctive relief to compel the issuance of the permit and for other relief, which was denied.[1]
Consequently, plaintiffs filed an appeal to the Zoning Appeals Board and this action for damages in the District Court. The claims include illegal suppression of plaintiffs’ business rights without proper due process of law, illegal suspension of business operations, and arbitrary and capricious rulings by the Department of Inspection and Code Enforcement. As we interpret the petition, it also makes claims for damages based on various defendants’ actions and statements which damaged the possibility of success of the business, and for detrimental reliance. Plaintiffs make no request for issuance of a permanent permit to operate the bungee jumping activity. They state that they are no longer pursuing that business.
In response to the petition, defendants filed an answer in the form of a general denial, and a motion for summary judgment. At the hearing for the summary judgment, defendants argued that plaintiffs were not entitled to file an action in district court since they had not exhausted their administrative remedies. In support of that argument, defendants offered the record of the Zoning Appeals RBoard which shows that plaintiffs filed an appeal to the board on April 23,1992, but withdrew it on March 4, 1994 after many requests for continuances.
They also argued that the denial of the injunction and the voluntary dismissal of the appeal to the Zoning Appeals Board precludes any action in district court. The trial court granted the motion for summary judgment and dismissed the plaintiffs’ action. This appeal was taken from that judgment.
Although couched in terms of necessary showing for a grant of summary judgment, the defendants argue res judicata, no cause of action, and lack of subject matter jurisdiction. They contend that the abandonment of the appeal to the zoning board “forecloses any further claim by him or his entities, partners or other interested parties”. Defendants argue that the plaintiffs’ failure to pursue and exhaust their administrative remedies through the zoning board precludes any judicial relief. Defendants reason that since the appeal was abandoned, the judgment of the Department of Inspection and Code Enforcement is final and plaintiffs are without a cause of action for damages resulting from the lack of a permit.
It is well settled that summary judgment is appropriate when there is no genuine issue of material fact remaining to be decided and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. A genuine issue is a triable issue. Toups v. Hawkins, 518 So.2d 1077 (La.App. 5 Cir.1987); Smith v. Our Lady of the Lake Hosp., 93-C-2512 (La. 7/5/94), 639 So.2d 730. A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577 (La.1989); Smith v. Our Lady of the Lake Hosp., supra, reversed on other grounds 960 F.2d 439 (5th Cir.1992). Material facts are those which potentially |8insure or preclude *41 recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3 Cir.1991), writs denied, 596 So.2d 211 (La.1992), Smith v. Our Lady of the Lake Hosp., supra.
The facts which are undisputed are that the plaintiffs were given a clearance slip and an occupational license from the Parish. Plaintiffs were issued two citations for failure to obtain a building permit and for illegal storage of industrial equipment, actions which were timely appealed to the appropriate administrative board. That appeal was voluntarily dismissed by plaintiffs.
Plaintiffs do not dispute defendants’ claim that the district court is without jurisdiction to hear the matter of whether the citations were properly issued. However, they maintain that the issue of damages sustained as a result of the actions of the Parish officials is triable. They argue that the petition states a cause of action for breach of contract and tort, actions beyond the jurisdiction of the Zoning Appeals Board.
LSA-R.S. 33:4721 empowers the local governing body to appoint a board of adjustment, which can hear appeals of zoning issues. The decisions of the board are subject to judicial review in the district court. Guenther v. Zoning Appeals Board, 542 So.2d 612 (La.App. 5 Cir.1989), writ denied 544 So.2d 407 (La.1989). In the instant case the appeal to the zoning board was voluntarily dismissed by the plaintiffs before a hearing on the matter was conducted. That resulted in finality of issues concerning non-issuance of the permit. The decision to revoke the permit is final and binding on all parties. Myers v. City of Lafayette, 537 So.2d 1269 (La.App. 3 Cir.1989).
19It is true that the jurisdiction of the Zoning Appeals Board is limited to review of the correctness of the issuance of the citations and permit. Nonetheless, establishment of some wrongdoing and/or negligence on the part of the Parish officials is a necessary step, since such a showing is a prerequisite to form the basis on which the cause of action in breach of contract and/or tort stands. Since the plaintiffs have no legal right remaining to challenge the actions of the Parish officials in the withdrawal of the permit, they have no cause of action for damages resulting from those actions. Myers v. City of Lafayette, supra. The causes of action for tort and/or breach of contract derive from the alleged illegal activities of the Parish officials in the non-issuance of the permit, a matter which has already been concluded against plaintiff, and is not before this court. Consequently, the defendants are entitled to summary judgment as a matter of law.
For the foregoing reasons we affirm the trial court.
AFFIRMED.

. All parties refer to the proceedings for injunc-tive relief which were apparently held in the same court prior to this action. However, those proceedings were not made a part of the record on appeal.