REID, Judge.
This suit was filed by Food Town, Incorporated against the Town of Plaque-mine, Louisiana, Louisiana Board of Alcoholic Beverage Control, and the Collector of Revenue of the State of Louisiana, to compel the three defendants to issue retail package liquor and beer permits for the sale of these beverages at a location denominat-' ed 903 Fort Street in the Town of Plaque-mine.
The Town of Plaquemine first filed exceptions of prematurity, exception of jurisdiction ratione materiae, no right and no cause of action, res judicata, and prescription which exceptions were overruled by the District Judge. Plaintiff filed a supplemental and amended petition alleging in substance that it had received notice from the Louisiana Board of Alcoholic Beverage Control and from the Collector of Revenue, State of Louisiana, advising them in writing that issuance of liquor license and beer permit were being withheld.
Defendant, Town of Plaquemine filed exception to jurisdiction ratione materiae and exception of prematurity to the supplemental and amended petition, which exceptions likewise were overruled by the District Judge. The Alcoholic Beverage Control Board of the State of Louisiana joined in the exception pleading res judi-cata filed by the Town of Plaquemine, which was one of the exceptions overruled.
Defendant, Town of Plaquemine, then filed answer in the nature of general denial, pleading notice of the withholding of the license by the attorney for the Town of Plaquemine to the attorney for plaintiff and denying that the premises sought to be licensed was more than 300 feet from Plaque-mine High School property. The two remaining defendants filed answers in the nature of general denial and denied that the premises sought to be licensed was more than 300 feet from the Plaquemine High School property. The case was tried on the merits and the Judge, without assigning written reasons, rendered judgment in favor of defendants, rejecting plaintiff’s demands and dismissing this suit at its costs. Plaintiff appealed herein from this judgment and none of the three defendants took any appeal or filed an answer to the appeal of the plaintiff.
Plaintiff first argues that in as much as there was no appeal taken or answer filed to *835 Its appeal by defendants that all the exceptions had been abandoned and none of them is at issue before this Court.
The Town of Plaquemine contended that they did not abandon their exceptions because they were filed with full reservation of all their rights and they urged them very strongly in their . Brief. It is therefore necessary that we first take up the disposition of these exceptions. LSA-C.C.P. art. 2133 covers this situation and reads as follows :
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he deT mands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer.”
In addition this Court has passed on this proposition in several cases. The case of Fryou v. T. Aucoin and Sons et al., 5 So.2d 193 reads in part as follows:
“The defendant Albert N. Aucoin did not appeal from the judgment as rendered against him and neither did- he answer the appeal taken by the plaintiff. All other defenses raised by him therefore, and which were rejected by the judgment of the lower court, cannot be considered on this appeal. An ap-pellee may, without appeal on his part, answer the appeal taken by the appellant and pray for a reversal of the judgment on the points which he thinks were wrongly sustained. Code of Practice Article 888. ‘But if the appel-lee, on the appeal of the other party, neglect to pray that the judgment be reversed on those points which are prejudicial to him, he shall not after-wards be allowed to appeal, but the judgment shall remain irrevocable for or against him.’ Code of Practice Article 889.”
The case of John Myers Implement Company v. DeBoer, La.App., 9 So.2d 832 sustains this proposition in the following words:
“Defendants did not answer the appeal in order to re-urge their exception and we take it they have abandoned the same.”
See Vice v. Assumption Parish Police Jury, La.App., 135 So.2d 108; Alfonso v. Alfonso, La.App., 160 So.2d 294.
In view of the fact that the defendants did not take an appeal or answer the appeal re-urging these exceptions they have abandoned same and cannot now urge them in this Court.
Plaintiff in his Brief sets out two questions which are before this Court for decision, which questions are as follows:
“FIRST: Since the Town of Plaque-mine failed to make a decision on the plaintiff’s application and notify the Collector of Revenue and the Louisiana Board of Alcoholic Beverage Control in writing of its decision within 35 days and the Collector of Revenue and the Louisiana Board of Alcoholic Beverage Control failed to notify the plaintiff in writing within 40 days from the date of applications are the defendants estopped (because of prescription) to deny the permits to the plaintiff, and, therefore, under a mandatory duty to issue the permits to the plaintiff because of their failure to act timely; thus pre-termitting any issue as to measurement.
“SECOND: If the defendants are not under a mandatory duty to issue the permits to plaintiff because of estoppel by prescription, were the premises sought to he licensed by the plain *836 tiff on October 8,1963 (measuring' 7.55 feet in width between parallel lines by a depth of 20.0 feet) located more than 300 feet away from the nearest point of the property line of the grounds of the Plaquemine High School, measured as a person walks using the middle of the sidewalk, from the nearest point of the property line of the school land to the nearest point of the particularly described premises to be licensed for the sale of liquor and beer.”
We will take these matters up in this order.
There is no question but what the Town of Plaquemine failed to make a decision and notify the Collector of Revenue and the Louisiana Board of Alcoholic Beverage Control in writing of its decision within 35 days and that the Collector of Revenue and Louisiana Board of Alcoholic Beverage Control failed to notify plaintiff in writing within 40 days from the date of the application as required by law. Plaintiff contends that these defendants therefore were under mandatory duty to issue these permits because of this failure. We cannot agree with' this contention because regardless of the fact that the defendants failed to act timely there is still a prohibition against locating a liquor or beer establishment within 300 feet of a school or church. If the premises sought to be licensed were within the 300 feet they could not be licensed under any circumstances and the defendants could not be compelled to violate the law by issuing the permits.
This Court in the case of Vice v. Assumption Parish Police Jury, 135 So.2d 108 had a similar situation to pass on. In this case the application for beer permit was tardy and the Lower Court sustained the plea of prescription. This Court did not order the issuance of the license, but reversed the decision of the Lower Court and remanded the case for a trial on the merits.
The same thing could be done in this instance, however, this is the second time these parties have litigated over this matter and the case was tried on the merits and judgment rendered accordingly, so we believe the ends of justice would be best served by disposing of this matter on the merits.
The merits of the case are covered by plaintiff’s second legal question that the premises sought to be licensed were more than 300 feet from the nearest point of the property line of the grounds of Plaquemine High School. The description of the premises sought to be occupied by the plaintiff, "and for which it sought a license is as follows:
“That certain area located in Lots 23 and 24 of Desobry Subdivision situated within the corporate limits of the Town of Plaquemine, Parish of Iber-ville, State of Louisiana; more particularly described as bearing Municipal Number 903 on Fort Street and having a front width of 7.55 feet facing Fort Street, a depth of 20 feet between parallel lines and a rear width of 7.55 feet; all as shown on the attached Plot Plan-Survey by E. P. Hargrove, Registered Land Surveyor, dated April 19, 1962.”
In order to better understand this situation it will be necessary to give a brief history of the prior proceedings. Plaintiff herein filed suit against the Town of Plaquemine seeking a license for a retail liquor permit and beer permit on the same premises of which the above described 7.55 x 20 feet is a part. This is the location of the Food Town store in Plaquemine. The application was rejected by this Court. See Food Town, Inc. v. Town of Plaquemine, La.App., 129 So.2d 877.
Subsequently, plaintiff filed an application which is the basis of this suit setting out the small portion of the original building as where they propose to set up their retail liquor establishment, but it had not been done as yet According to the picture offered in evidence and testimony of witnesses there is no such place as 903 Fort *837 Street, which is the number plaintiff had given their proposed establishment.
Plaintiff then measured, according to the survey filed in the record and declared on by them, from the northwest corner of the Plaquemine High School athletic field across Calvin Street, a distance of 50 feet to the northeast of the Food Town property, which is on the south side of Fort Street. They then measured along the middle of a proposed four foot sidewalk 148 feet which' would be along the south side' of Fort Street. They then measured down the middle of another proposed four foot sidewalk 122.55 feet to the property sought to be licensed which is the northwest comer of the Food Town building and it had been denominated 903 Fort Street. This distance measures some 320.55 feet, or over 300 feet.
It is obvious that measuring distance by this formula the distance to the proposed location would be more than 300 feet. However, there are no sidewalks in existence along this route. It is true that from the northeast corner of the Food Town property to the west edge of it is along the south side of Fort Street, but the proposed sidewalk running along the west side of the Food Town property would not be on a street. Defendants contend persons would enter the Food Town property at the northeast corner and could walk across the parking lot in front of it to the main entrance, or to the proposed location, which would be much less than 300 feet.
The law as set out in Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341, provides that in measuring the distance from the church or school etc., the point of beginning shall be made from the point nearest the sidewalk, or its outer boundary or property line, in which the usual and ordinary activities incident to such an institution are carried on and proceed by the sidewalk to the nearest point of the premises to be licensed.
The case of Randolph v. Village of Turkey Creek, supra, further holds:
“ * * * there may be some appreciable distance intervening between the property line or outer boundary and the actual building, structure or area whereon the activity which is sought to be removed from the church, et cetera, is carried on. It is not necessarily true that the property line of the lot on which the building, structure, or area selling alcoholic beverages is the location whose proximity is in question ; rather, it is the building or structure where the alcoholic beverage is sold’ which the location contemplated; whereas, in the case of a church or school the lot itself used by that institution is sought to be protected from proximity to the liquor establishment. The lot on which a building selling alcoholic beverages is located is not necessarily used in connection with that activity, or, in other words, is not necessarily a portion of the 'premises to be licensed’.” (Emphasis ours)
This brings us to the question of the premises to bé licensed. There is no question but what the nearest point of the Food Town building, or premises, is within 300 feet of the Plaquemine High School. See Food Town v. Town of Plaquemine, supra.
There is no evidence in the record that the proposed location will be completely walled off’ and not subject to entrance from the remaining portion of the Food Town premises. In fact at the present time neither has a door nor any small partition been placed there. Due to the fact there is no expressed intention to seal off this small liquor store completely from the remaining portion of the building so that there would be no means of exits or entrances from the main building to the liquor store we feel that it will be within the 300 feet limitation.
For these reasons we feel'that the judgment of the Lower Court is correct and is hereby affirmed.
Affirmed.