|2FOIL, Judge.
This is an appeal from a judgment of the trial court ordering the City of Plaquemine to issue a liquor permit to an applicant. After a thorough review of the record, we reverse.
BACKGROUND
Plaintiffs, Oscar Mellion and Michael Car-line d/b/a Community Package Liquor (hereinafter collectively referred to as “CPL”), filed this suit against the City of Plaquemine, challenging the City’s refusal to grant it a Class A liquor license for the year 1994. The record reflects that in July of 1993, CPL took over an enterprise formerly operated as a package liquor store, and applied to the City for a liquor permit. The City of Plaquemine issued a liquor permit to CPL several days later. At the time that CPL obtained its permit, the City had no classifications of liquor licenses, and a liquor permit authorized the sale of alcohol without restriction.
*731 On October 27, 1993, CPL applied for a 1994 liquor permit. By letter dated November 29, 1993, the City informed CPL that it intended to withhold the issuance of a 1994 liquor permit to CPL. In written reasons for the decision, the City pointed out that in July of 1993, when CPL applied for its initial permit, it represented to the City that it would assume the ongoing business of B & H Package Liquor Store, an establishment that operated as a package liquor store. However, the City later learned that CPL had obtained a Class A liquor license from the State authorizing the sale of alcohol in open containers, and CPL was in fact selling alcoholic beverages for consumption on its business premises. The City observed that CPL’s business is located in a primarily low-income, residential neighborhood which is zoned C-6 under the City’s zoning ordinance, a classification which prohibits the operation of a nightclub. The City noted that the area of property utilized by CPL did not have sufficient parking to allow the operation of a barroom enterprise. Further, the City felt that, considering the residential nature of the area, the safety and |3health of the residents would be endangered by allowing persons to consume alcohol on the premises.
By virtue of the letter of intent, the City informed CPL that it intended to withhold issuance of the permit pending demonstration and an obligation by CPL that it would operate the premises only for the sale of package liquor. The letter further advised that the decision to withhold the application was pending a hearing to be held on December 14, 1993 at which time the City would determine whether CPL would operate the business only for the sale of package liquor.
At the December 14th meeting, the City Council discussed the liquor permit, but no action was taken thereon. At that meeting, the City passed Ordinance Number 054 amending its liquor permit laws to provide for two classifications of liquor permits. Pri- or to this time, the City had only one classification of liquor permits, referred to as a $250.00 permit. It was a general permit granted to the holder to sell alcoholic beverages, without limitations on the type of alcohol sold, or whether it could be sold in packaged form or in open containers. According to the record, an applicant for a liquor permit informed the City of the type of business it would be operating prior to the issuance of the general permit. The State, however, does have classifications for liquor permits depending on the type of alcohol to be sold and whether it will be sold in open containers or in packaged form. An enterprise cannot sell open container alcohol without a Class A permit from the State. Pursuant to Ordinance Number 054, the City of Plaquemine followed the State’s classification, providing for a Class A Retail Liquor Permit which authorized the sale of alcohol in any quantity, and a Class B Retail Liquor Permit, which authorized the sale of packaged liquor.
On December 22, 1993, the City issued CPL a temporary Class A Retail Liquor Permit authorizing the sale of any alcoholic beverage in any quantity. The minutes of the December 22 meeting show that on that date, the City issued twenty nine 1994 Liquor and Beer permits. It issued Class A licenses to applicants, including: |4Cajun Lounge, City Cafe, Fuzzy’s, Humphrey’s, Nick’s Lounge, The Knights of Columbus, Jackson’s Night Club and Starlite Lounge. Class B Retail Liquor Permits, Class A-B and Class B-B permits were issued to the remaining applicants.
The record reflects that CPL was granted a temporary permit so that it could obtain a zoning change from its present C-6 classification to enable it to sell alcohol for on premises consumption under the zoning laws, which would entitle it to a Class A permit. Although CPL did approach the City’s Planning and Zoning Commission seeking a zoning reclassification, that body refused to vote on the request at its meeting held on February 1, 1994, and referred the matter back to the City Council. At the City Council’s February 8th meeting, the Council heard comments from citizens concerning the continued operation of CPL as a lounge. The City’s attorney stated that no decision regarding zoning could be made until the proper advertising had been completed. The minutes reflect that further discussion regarding the CPL’s liquor permit, and the zoning classification of its business, would resume at the *732 Council’s regularly scheduled meeting to be held on March 8, 1994. Also appearing in the record is a Public Notice issued by the City to notify the public that at the March 8th meeting, it was going to consider amending its zoning classification to provide for a new C-5 zoning classification for barrooms and lounges.
However, this lawsuit was filed prior to the March 8th meeting. On March 7, 1994, CPL filed this petition for declaratory relief and injunctive relief against the City. The petition set forth three causes of action, alleging first that the City violated La.R.S. 26:87, which requires the City to decide all applications for renewal of permits within 35 calendar days of the filing of the application. CPL argued that because of the expiration of the applicable time limits set forth in La.R.S. 26:87, the City was “estopped, prescribed and without authority to deny” its request for renewal of the alcohol permit. In the second cause of action, CPL argued that the zoning regulations relating to the sale of | salcoholic beverages are vague and ambiguous and are applied arbitrarily in violation of the equal protection and due process provisions of the State and Federal constitutions, and therefore, the City’s zoning ordinance did not apply to CPL. Finally, in their third cause of action, CPL urged that they did not violate any laws or regulations to prohibit the renewal of their alcohol permit and the City’s refusal to renew the permit deprived them of equal protection of the laws and due process. CPL requested that the court issue a temporary restraining order, as well as preliminary and permanent injunctions enjoining the City from withholding CPL’s alcohol permit.
The City answered and filed a reconven-tional demand, seeking an injunction to prohibit and enjoin CPL from using their business establishment as a lounge/barroom with alcohol consumption on the premises.
Following a trial, the court ruled in favor of CPL, and issued a preliminary injunction to the City prohibiting it from withholding CPL’s alcohol permit. The court furthered ordered the City to issue CPL all required permits necessary for the sale and consumption of alcoholic beverages on the premises of CPL.
This appeal, taken by the City, followed. The City contends that the trial court erred in overruling its exception of prescription, in rejecting its reconventional demand, and incorrectly ignored the City’s proper zoning ordinances in rendering its judgment.
PRESCRIPTION
La.R.S. 26:106, dealing with alcoholic beverages, provides that “any party aggrieved by a decision ... of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court....” The City points out that on November 29, 1993, it filed and served CPL with the notice of its intent to withhold CPL’s alcohol permit. However, CPL did not file this action until March 7, 1994, more than two months after it was notified of the City’s decision. Therefore, since the action challenging the City’s determination to ^withhold the permit was filed more than ten days after the notification, under La.R.S. 26:106, the City contends that this lawsuit was untimely.
Although it notified CPL that it intended to withhold the Class A liquor permit, the City did in fact issue CPL a temporary Class A permit valid until March 31, 1994. The City posits that it did this so that CPL would have an opportunity to change its zoning classification to enable it to sell liquor for on premises consumption. In effect, the City notified CPL that it would withhold its Class A permit after March 31, 1994. For this reason, we find that the ten day period in La.R.S. 26:106 is not even applicable to the instant litigation, and the trial court correctly overruled the exception of prescription.
CPL’s CAUSES OF ACTION
Next, we determine whether the trial court erred in ordering the City to issue a permit to CPL to enable it to operate as a barroom and sell alcohol for on premises consumption. In effect, the trial court’s order required the City to issue a Class A Retail Liquor Permit to CPL, over the City’s insistence that because of the zoning classification the business enterprise falls into, it is entitled to a Class B permit authorizing only the sale of alcohol in packaged form. The trial court did not issue *733 any reasons to indicate why it was ordering the City to issue the sought after permit, and the only indication it gave for so doing was that it felt that the entire matter should have been handled in the political arena instead of in the judicial system. Because we have no basis for ascertaining which of CPL’s challenges the trial court ultimately accepted, we shall review the evidence to determine if CPL sustained its burden of proof with respect to any of the causes of action set forth in its petition.
1. Estoppel
CPL contends that it was entitled to a Class A permit because the City was es-topped and “prescribed” from revoking or not issuing it a Class A permit because the City failed to take final action on bCPL’s permit application within thirty-five days from the date on which CPL filed its permit request, in violation of La.R.S. 26:87.
La.R.S. 26:87 provides that local authorities shall investigate all applications for local liquor permits and states that the “decision to withhold a local permit shall be made within thirty-five calendar days of the filing of the application.” CPL in effect contends that because the time constraints in La.R.S. 26:87 were not complied with, it is therefore entitled to an order by a court compelling the City to issue the permit.
We note that the City did notify CPL of its intent to withhold a Class A Liquor license within the 35 day time period. It later granted CPL a temporary Class A license to enable it to operate pending zoning reclassification. CPL contends that due to inaction, the City never ultimately ruled on its permit request. However, the City made it clear to CPL that absent reclassification, CPL would not be granted a Class A permit after March 31, 1994.
In any event, even if it could be said that the City failed to act within 35 days of the permit application in contravention of La. R.S. 26:87, it is clear that that statute does not provide CPL with the relief it seeks. In Myers v. City of Lafayette, 537 So.2d 1269 (La.App.3d Cir.1989), the court rejected an applicant’s argument that it was entitled to a liquor permit because of the local authorities’ failure to timely act under La.R.S. 26:85 (the pre-1987 version of La.R.S. 26:87), finding that the applicant only had a right to compel the City to formally act on her application by granting or denying the permit request. Likewise, this court in Food Town, Incorporated v. Town of Plaquemine, 174 So.2d 833 (La.App. 1st Cir.), writ denied, 248 La. 356, 178 So.2d 653 (1965), rejected the identical argument advanced by CPL in this litigation. In that case, a permit applicant urged that the local authorities were estopped and “prescribed” from refusing to grant a liquor permit where they failed to act within the time constraints set forth in La.R.S. 26:85. This court ruled that irrespective of the fact that the local authorities acted untimely |gon the application, they could not be compelled to issue a license in violation of a zoning ordinance which prohibited the location of an alcohol establishment within 300 feet of a school.
As the above cited cases demonstrate, La. R.S. 26:87 cannot be utilized to require a local authority to issue an alcohol permit in violation of its own laws, even if the local authority acted untimely on the permit. CPL’s recourse would have been to file an action requiring the City to act on the permit application, and even if the City did act in an untimely manner, that does not automatically entitle CPL to the issuance of the license. Therefore, CPL has no right to obtain a liquor permit under its first asserted cause of action.
2. Invalidity of the Zoning Ordinance
It is undisputed that the City refused to issue CPL a Class A Liquor permit because CPL’s business establishment is in an area zoned C-6 under the City’s Zoning Ordinances which specifically prohibits the operation of a nightclub. It is also undisputed that CPL has been operating the establishment as a barroom since July of 1993, as it has sold alcohol for on premises consumption since it began operating.
CPL submits that it is entitled to a Class A Retail Liquor Permit to enable it to operate as a barroom because the zoning ordinance which the City seeks to enforce is *734 invalid on two grounds. CPL urges that the ordinance is impermissibly vague and ambiguous in violation of the due process clauses and equal protection clauses of the state and federal constitutions, and has been arbitrarily and discriminatorily applied to it in violation of those constitutional protections.
It is clear that the zoning ordinances enacted pursuant to a local authorities’ police powers are presumed to be valid and a party attacking the ordinance bears the burden of proving that it is unconstitutional or that it was applied in an arbitrary or discriminatory manner. Morton v. Jefferson Parish Council, 419 So.2d 431, 434 (La.1982). We turn to the evidence to determine | gwhether CPL has demonstrated that the zoning scheme is unconstitutional on its face and as applied to it.
In 1957, the City of Plaquemine enacted a comprehensive zoning ordinance which divided the town into three districts: residential, business and commercial. The zoning scheme provided that “night clubs” and “dance halls” were permitted uses in the Commercial district, but were prohibited uses in the Business district. A later amendment to the zoning ordinance put dance halls and nightclubs within the “G” General Commerce district.
In 1989, the Zoning Ordinances were reenacted. Under the 1989 version of Plaque-mine’s zoning ordinances, in effect at the time CPL applied for its liquor permit, the regulations list uses permitted and uses prohibited for each classification. The C-6 classification, which CPL falls into, lists as uses permitted grocery and drug stores, filling stations, etc. It specifically provides that all uses prohibited under zoning classification C-4 are prohibited in C-6. The C-4 classification specifically precludes nightclubs and dance halls.
CPL suggests that the zoning ordinance as it pertains to lounges and barrooms is unconstitutionally vague as it contains no standards for the uniform exercise of the power to grant or deny permit applications. CPL points out that the only classification to actually prohibit a barroom is R-6, a residential district. However, the zoning ordinance does not specifically prohibit the operation of a “barroom” in any other district. It complains that the City “has no definitions for any words used in its ordinances [for example, lounge, barroom and nightclub], yet uses different words, with obvious different meanings, in different zoning classifications.”
However, we find nothing vague in the zoning classification as it pertains to CPL’s operations. The ordinance clearly sets forth that operating a nightclub is a prohibited activity in a C-6 zoning classification. CPL contends that the ordinance is vague and ambiguous because it does not define the terms “barroom” and “nightclub” in the ordinance. However, these terms are so commonly | ^understood that it could hardly be said that an ordinance is unconstitutionally vague merely because it fails to provide a definition of those terms. Further, while CPL readily admits that it was and is seeking to operate as a barroom by selling alcohol for on premises consumption, it implies that such activity does not also fall under the contemplation of the term nightclub. We find no merit to this assertion.
CPL’s other line of attack on the ordinance bears only brief mention. CPL urged that the City applied the ordinance in an arbitrary and discriminatory manner, thereby depriving CPL of its right to equal protection of the laws. According to CPL, the transcript demonstrates that Plaquemine has numerous other businesses that are zoned C-6 and C-4 that are allowed to sell alcoholic beverages for consumption on the premises. However, CPL simply did not prove that Plaquemine acted in an arbitrary manner in issuing Class A permits. The witnesses explained that most of the 1994 Class A permit holders presently in the C-6 or C-4 zoning areas were originally in the “C” classification under the previous zoning laws which authorized the operation of nightclubs. These former establishments were grandfathered in under the new zoning ordinances. CPL did not prove that the City acted arbitrarily when issuing permits so as to authorize a finding that the zoning scheme is unconstitutional as applied to CPL.
Accordingly, since we reject CPL’s attack on the validity of the zoning ordinances, we find that the trial court erred in ordering the *735 City to grant CPL a Class A permit to sell alcohol for on premises consumption. Such activity is clearly prohibited by the City’s valid zoning ordinances, and the City cannot be compelled to violate its valid zoning laws by issuing a permit to CPL. Food Town, Incorporated v. Town of Plaquemine, 174 So.2d at 836.
THE CITY’S RIGHT TO INJUNCTIVE RELIEF
In a reconventional demand, the City sought to enjoin CPL from selling liquor for on premises consumption. It is well settled that a local government has the right to enjoin violations of a Inzoning ordinance. City of New Orleans v. National Polyfab Corporation, 420 So.2d 727, 729 (La.App. 4th Cir.1982). Since the City has shown that CPL has and does intend to operate this establishment as a barroom in violation of the City’s valid zoning ordinances, we find the City is entitled to a permanent injunction prohibiting CPL from operating the establishment as a baiToom with alcohol consumption allowed on the premises, and we hereby grant the City the relief it sought in its reconventional demand.
CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. Appellees, Oscar Mellion and Michael Carline, d/b/a Community Package Liquor, are hereby enjoined from operating the business establishment in violation of the City’s zoning ordinance. All costs of this proceeding are assessed to appellees.
REVERSED; PERMANENT INJUNCTION GRANTED.